NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL B. BOOS,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 25-3290

D.C. No.
1:23-cv-00149-TJC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted July 7, 2026[**]
Portland, Oregon

Before: GRABER, CLIFTON, and SUNG, Circuit Judges.

Daniel B. Boos appeals the district court's order affirming the Commissioner

of Social Security's denial of his application for disability benefits. We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the district court's order de novo and may reverse a denial of benefits only when that decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017) (citation omitted). Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation modified).

1.      Substantial evidence supported the ALJ's determination that Boos's spine disorder was not a severe impairment and had no more than a minimal effect on Boos's ability to work. The ALJ relied upon excerpts from Boos's medical records and testimony[1] indicating only mild to moderate limitations as a result of his lumbar spine disorder. Instead of addressing the ALJ's factual findings, Plaintiff argues that the ALJ erred by cherry-picking from the record. However, even "where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld" under substantial evidence review. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation modified). Boos's counterexamples from the record do not undermine the ALJ's ruling.

---

[1] Boos argues that the ALJ had a duty to develop his testimony regarding his physical limitations. Because Boos did not raise this argument before the district court, he has forfeited review on appeal. *See United States v. Robertson*, 52 F.3d 789, 791 (9th Cir. 1994).

2. The ALJ properly considered all of Boos's mental impairments in his assessment of Boos's residual functional capacity ("RFC"). Boos contends that the ALJ failed to acknowledge Boos's unspecified personality disorder and ADHD diagnoses, yet Boos did not submit any medical documentation for the ALJ to review. He also failed to supplement the record with any medical diagnoses on appeal. Despite Boos's failure to establish that he suffered from these two conditions, the ALJ still considered potential symptoms in his overall RFC assessment. The ALJ consulted medical records and Boos's testimony reflecting only mild limitations in "adapting and managing himself." The ALJ also considered Boos's "attention problems" and "difficulty focusing," and concluded that Boos's statements regarding the severity of his symptoms were inconsistent with the medical record and Boos's self-reported activities. *See Nadon v. Bisignano*, 145 F.4th 1133, 1137 (9th Cir. 2025) (affirming a negative disability determination where the ALJ similarly relied upon normal mental status evaluations and plaintiff's testimony regarding her daily activities).

3. The ALJ did not err in concluding that Boos failed to establish a per se disability under the statutory listing criteria. *See, e.g.* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04B.

First, Boos contends that he had marked limitations in (1) concentrating, persisting, or maintaining pace and in (2) adapting or managing himself. In

concluding that Boos suffered from only moderate limitations in these two mental functioning areas, the ALJ highlighted specific medical records and excerpts from Boos's testimony.

Second, Boos argues that the ALJ ignored medical evidence in assessing the persistence of his symptoms at step three. Notably, Boos does not specify the medical evidence the ALJ ignored. Moreover, the ALJ supported his determination with medical records noting that Boos was managing his mental health with medication and was not experiencing "serious and persistent" symptoms.

4.      The ALJ provided clear and convincing reasons for rejecting Boos's testimony. The ALJ explained that Boos's testimony concerning the severity of his symptoms was inconsistent with his self-reported daily activities. In addition, the ALJ observed that Boos's impairments had responded well to treatment, which is a well-established reason for an ALJ to discount subjective symptom testimony. *See* *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

5.      Boos's argument that the ALJ erred by posing an incomplete hypothetical to the vocational expert is derivative of Boos's challenges to the ALJ's RFC assessment. Because the ALJ's assessment was supported by substantial evidence, as discussed above, this argument necessarily fails. *See* *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001) (explaining that the

ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.").

6.    Boos's argument that the district court erred in deferring to the ALJ's interpretation of law in light of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), was not raised before the district court and is, therefore, forfeited on appeal. *See Robertson*, 52 F.3d at 791.

**AFFIRMED.**

25-3290